785 F.2d 308
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
G.E. GROGAN, TRUSTEE FOR ADVANCE GLOVE MANUFACTURING CO.
Plaintiff-Appellee,
v.
NETHERLAND RUBBER COMPANY, Defendant-Appellant.
 85-1218
 United States Court of Appeals, Sixth Circuit.
 1/28/86
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: JONES and NELSON, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-Appellant Netherland Rubber Company appeals from the order of the bankruptcy court, affirmed by the district court, denying Netherland's motion for new trial on the Trustee's claim to payment for the sale of goods. Because we find that the court below did not abuse its discretion in failing to grant a new trial, see Budoff v. Holiday Inns, Inc., 732 F.2d 1523, 1525 (6th Cir. 1984), we affirm.
 
 
 2
 The Trustee brought this adversary proceeding claiming that the debtor, Advanced Glove Manufacturing Company, had delivered to Netherland approximately $10,000 worth of gloves for which it had never been paid. Netherland asserted the affirmative defense that the gloves were non-conforming and the debt was therefore not owed. To prove its defense, Netherland attempted to introduce the deposition of Welton Pruitt, a former salesman for Advanced Glove, which allegedly would have established the non-conformity of the goods. Counsel for Netherland was apparently under the mistaken belief that because the deposition had been taken de bene esse its admission had been stipulated to by the parties. Consequently, when counsel for the Trustee objected that the deposition was hearsay, counsel for Netherland was unprepared to answer the objection and the court refused to admit the deposition. There being no other evidence, and the debt having been proved, the court entered judgment for the Trustee.
 
 
 3
 Subsequently, counsel for Netherland discovered what he should have known earlier, that the deposition, although hearsay, was admissible under Rule 32(a)(1)(B), Federal Rules of Civil Procedure, and Rule 804(b)(1), Federal Rules of Evidence, because the deponent resided more than 100 miles from the place of trial and was unavailable. These foundational elements had not been shown at trial. The court denied Netherland's motion for a new trial grounded on this 'newly discovered' law.
 
 
 4
 The denial of a new trial was not an abuse of discretion. The trial judge is not required to reopen a proceeding in order to allow counsel to correct his mistake. The circumstances here are not akin to those in Sulzbacher v. Continental Casualty Co., 88 F.2d 122, 124-25 (8th Cir. 1937), wherein a controlling appellate decision, published only two weeks before trial, was not discovered by the parties or the court until after judgment, warranting a new trial. The principles of Rule 32(a) and the hearsay exceptions are too long established and too fundamental to consider the error here 'excusable neglect.' See id.
 
 
 5
 The judgment is AFFIRMED.